**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAUL GOMEZ,

        Plaintiff-Appellant,

v.

ALLIEDSIGNAL, INC, also known as
AlliedSignal Technical Services
Corporation,

        Defendant-Appellee.

No. 98-2110
(D.C. Nos. CIV-96-123-HB/JHG
    & CIV-97-348-HB/JHG)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Raul Gomez, proceeding pro se, appeals the district court's order to enforce the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

settlement agreement resolving his employment discrimination claims. For the reasons set forth below, we vacate the district court's decision and remand for further proceedings.

## I. BACKGROUND

In January 1996, Mr. Gomez filed suit against the defendant-appellee AlliedSignal, Inc. and two of the company's employees. He alleged that he had not received a promotion because of his national origin, gender, and age. He asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and under New Mexico law. Mr. Gomez eventually dismissed his claims against the individual employees. However, in March 1997, he filed a second suit against AlliedSignal asserting a Title VII claim that he had been terminated from employment with the company because he had opposed illegal discrimination.

On August 19, 1997, the district court conducted a settlement conference, and the parties reached an agreement disposing of both lawsuits. Both Mr. Gomez and his attorney signed a handwritten settlement and release agreement. See Rec. vol. III, at 5 (Tr. of Proceedings Nov. 5, 1997). However, when the formalized settlement agreement was tendered to him on August 29, 1997, Mr. Gomez refused to sign it. See id. at 7.

On September 15, 1997, the district court held a hearing and concluded that the

2

settlement agreement was valid. See Rec. vol. I, doc. 17; vol. II, doc. 8. The court then entered an order dismissing Mr. Gomez's claims with prejudice. See Rec. vol. I, doc. 21.

Mr. Gomez filed a motion for reconsideration of the dismissal order. Invoking the Older Workers Benefit Protection Act (OWBPA), 29 U.S.C. § 626, he argued that his consent to the settlement agreement was not knowing and voluntary because he had not been given twenty-one days to consider the agreement and seven days to revoke it.

The district court conducted a hearing on Mr. Gomez's motion to reconsider. Recalling the August 19, 1997 settlement conference at which the challenged agreement was reached, the court observed that "the parties negotiated with themselves, with counsel present, and arrived at an agreement that both sides accepted. And, in fact, in written form, although longhand, the terms of the agreement were reduced to writing, signed by the parties and by counsel." Rec. vol. III, at 9-10 (Tr. of Proceedings Nov. 5, 1997). The court found that the settlement agreement was enforceable. It therefore denied Mr. Gomez's motion to reconsider the order of dismissal.

## II. DISCUSSION

On appeal, Mr. Gomez contends that the judge presiding over the August 1997 settlement conference "unduly pressured me to sign the agreement without notifying me that the agreement was final." Aplt's Br. at 2. According to Mr. Gomez, his high blood pressure and the judge's insistence led him to sign the agreement, but he later decided that

3

he did not want to settle the case. He now maintains that the agreement should be declared void.

In response, AlliedSignal argues: (1) that because Mr. Gomez did not raise these arguments in the district court proceedings, they should not be considered on appeal; and (2) that the argument that Mr. Gomez did raise in the district court proceedings (that he was not given the required twenty-one days to consider the settlement agreement and seven days to revoke it) is based on a misapplication of the OWBPA, 29 U.S.C. § 626(f).

After a careful review of the record, we agree with AlliedSignal with respect to the first argument. That is, Mr. Gomez did not raise the issue of his blood pressure and the judge's alleged "insistance" [sic] that he sign the handwritten agreement below, and thus we will not review this issue on appeal. See In re Walker, 959 F.2d 894, 896 (10th Cir.1992) (applying "the general rule that 'a federal appellate court does not consider an issue not passed upon below'" (quoting Singleton v. Wulff, 428 U.S. 106, 120, (1976)).

With respect to the second argument (whether Mr. Gomez was entitled to twenty-one days to consider the settlement and seven days to revoke it), we also agree with AlliedSignal that this is a "settlement involved in a court action," see Rec. vol. III, at 7 (Tr. of Proceedings Nov. 5, 1997), hence these specific time periods do not apply. AlliedSignal correctly cited to 29 U.S.C. § 626(f)(2), and this section contains no twenty-one day or seven day requirement.

Section 626(f)(2) does, however, have other requirements that a "waiver in

4

settlement of . . . an action filed in court" must satisfy. See 29 U.S.C. § 626(f)(2). We are unable to make a determination of whether the settlement comports with the requirements of section 626(f)(2) because the record on appeal does not contain the actual settlement agreement. We therefore conclude that this case must be remanded to the district court.

### III. Conclusion

Accordingly, we vacate the district court's order denying Mr. Gomez's motion to reconsider and remand the case for further proceedings. On remand, the district court should examine the handwritten agreement reached at the August 1997 settlement conference to determine whether it complies with 29 U.S.C. § 626(f)(2). If the handwritten agreement satisfies these OWBPA requirements, then the court should uphold it. However, if the court determines that the agreement does not satisfy these requirements, then it should find that Mr. Gomez's waiver of his ADEA claim is invalid.

Finally, we note that requirements of the OWBPA apply to only Mr. Gomez's ADEA claim. Because the settlement agreement also resolved his non-ADEA claims, a finding that the waiver of the ADEA claim was invalid would not necessarily establish the invalidity of the settlement as to non-ADEA claims. In the event that it finds the waiver of the ADEA claim invalid, we leave it to the district court on remand to also determine the validity of the settlement agreement as to the non-ADEA claims. See

5

American Airlines, Inc. v. Cardoza-Rodriguez, 133 F.3d 111 (1st Cir. 1998) ("While we express no opinion on the issue, we vacate the district court's declaration that the release bars non-ADEA claims and remand that issue for further consideration consistent with our opinion."); Long v. Sears Roebuck & Co., 105 F.3d 1529 (3d Cir. 1997) (remanding case to the district court to consider the validity of the waiver of non-ADEA claims).

Entered for the Court,

Robert H. Henry
Circuit Judge